**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LUIS FERNANDEZ,<br><br>     Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br><br>     Defendant. | CIVIL ACTION<br><br>COMPLAINT  1:18-cv-03411<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES**, LUIS FERNANDEZ, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, BANK OF AMERICA CORPORATION, as follows:

## NATURE OF THE ACTION

1.     This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiffs' TCPA claims.

3.     Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

## PARTIES

4.     LUIS FERNANDEZ ("Fernandez") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

5.     Fernandez is a "person" as defined by 47 U.S.C. § 153(39).

1

6.      BANK OF AMERICA CORPORATION ("BAC") through its subsidiaries, provides banking and financial products and services for individual consumers, small- and middle-market businesses, institutional investors, large corporations, and governments worldwide. It operates through four segments: Consumer Banking, Global Wealth & Investment Management (GWIM), Global Banking, and Global Markets. The Consumer Banking segment offers traditional and money market savings accounts, CDs and IRAs, noninterest- and interest-bearing checking accounts, and investment accounts and products; and credit and debit cards, residential mortgages, and home equity loans, as well as direct and indirect loans, such as automotive, recreational vehicle, and consumer personal loans. This segment provides its products and services through approximately 4,500 financial centers; 16,000 ATMs; call centers; and digital banking platforms. The GWIM segment offers investment management, brokerage, banking, and trust and retirement products; and wealth management solutions targeted to high net worth and ultra high net worth clients, as well as customized solutions to meet clients' wealth structuring, investment management, and trust and banking needs, including specialty asset management services. The Global Banking segment provides lending products and services, including commercial loans, leases, commitment facilities, trade finance, and real estate and asset-based lending; treasury solutions, such as treasury management, foreign exchange, and short-term investing options; working capital management solutions; and debt and equity underwriting and distribution, and merger-related and other advisory services. The Global Markets segment offers market-making, financing, securities clearing, settlement, and custody services, as well as risk management, foreign exchange, fixed-income, and

mortgage-related products. BAC was founded in 1874 and is based in Charlotte, North Carolina.

7.      BAC is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

8.      On or around June 1, 2017, Fernandez obtained a BAC credit card ending in 7033 ("account ending in 7033").

9.      Upon information and belief, Fernandez provided BAC with his cellular telephone number ending in 1492 at the time he applied for the accounts.

10.     At all times relevant, Fernandez was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1492.

11.     At all times relevant, Fernandez was financially responsible for his cellular telephone equipment and services.

12.     Fernandez made various charges on the account ending in 7033, amassing a balance of $3,518.00.

13.     Fernandez defaulted on the account ending in 7033.  BAC initiated a relentless collection call campaign, calling Fernandez up to three times daily.

14.     In November 2017, Fernandez answered and was received by obvious silence then audible clicking, before being connected to BAC's representative.

15.     BAC's representative informed Fernandez they were seeking to collect payment on the account ending in 7033; Fernandez demanded that BAC stop calling.

16.     Fernandez's request that they stop calling fell on deaf ears, as BAC proceeded to place (or cause to place) no less than 32 unconsented-to calls to Fernandez.

17.     Upon information and belief, BAC placed or caused to be placed the aforementioned calls to Fernandez's cellular telephone using a predictive dialer[1].

## **DAMAGES**

18.     BAC's collection calls have severely disrupted Fernandez's everyday life and overall well-being.

19.     BAC's collection calls have resulted in intrusion and occupation of Fernandez's cellular services, thus impeding receipt of other calls.

20.     BAC's collection calls have resulted in unnecessary depletion of Fernandez's cellular battery requiring him to incur electricity charges to recharge his cellular telephone.

21.     BAC's telephone harassment campaign and illegal collection activities have caused Fernandez actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Fernandez's cellular telephone capacity, wasting Fernandez's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

---

[1] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

22. Concerned about the violations of his rights and invasion of his privacy, Fernandez sought counsel to file this action to compel BAC to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. BAC placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Fernandez's cellular telephone number ending in 1492 utilizing an automatic telephone dialing system ("ATDS") without Fernandez's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

26. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

27. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id.*

28. Upon information and belief, based on the lack of prompt human response, BAC employed a predictive dialer to place calls to Fernandez's cellular telephone.

29.     Upon information and belief, the predictive dialer employed by BAC transfers the call to a live representative once a human voice is detected, hence the clear pause.

30.     As a result of BAC's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Fernandez is entitled to receive $500.00 in damages for each such violation.

31.     As a result of BAC's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Fernandez is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Fernandez requests the following relief:

a.      find that BAC violated 47 U.S.C. §227 (b)(1)(A)(iii);

b.      enjoin BAC from placing calls to Fernandez pursuant to 47 U.S.C. § 227(3)(A);

c.      award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

d.      award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

e.      award such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

May 14, 2018                                          Respectfully submitted,

                                                     */s/ Joseph Scott Davidson*

                                                     Joseph Scott Davidson
                                                     Mohammed Omar Badwan
                                                     **SULAIMAN LAW GROUP, LTD.**
                                                     2500 South Highland Avenue
                                                     Suite 200
                                                     Lombard, Illinois 60148
                                                     +1 630-575-8181
                                                     jdavidson@sulaimanlaw.com
                                                     mbadwan@sulaimanlaw.com

6

*Counsel for Luis Fernandez*